RICARDO CASALS, Plaintiff and Appellant, *v.* ANGELINA ROSARIO, Defendant and Appellee.

No. 3423. Argued February 11, 1925.—Decided March 31, 1925.

1. ATTORNEY AND CLIENT—SUBSTITUTION—MEMORANDUM OF COSTS.—The relation of attorney ·and client exists when the attorney of record is substituted by another for the purposes of a memorandum of costs.
2. ID.—COSTS.—The costs and attorney's fees really belong to the client. ·
3. ID.—MEMORANDUM OF COSTS—VERIFICATION—AMENDMENT.—An unsworn memorandum of costs or one with a defective oath is not void and may be amended *nunc pro tunc* in the discretion of the court.

Second District Court of San Juan, Pablo Berga, Acting J.   Order approving a memorandum of costs.  *Affirmed.*
*M. Guetán Barbosa* for the appellant.  *M. Tous Soto* and *Enrique Campillo* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

[1, 2] Although a member of the bar does not conduct a suit, he is capable of representing the client in presenting and swearing to a memorandum of costs. The costs, including attorney fees, really belong to the client and any attorney may act as agent to establish the costs. Any attorney may bring a brother attorney into the case, as was done here, and the relation of attorney and client exists even as to the substituted attorney.

[3] In this case the appellee did not rely on this principle, but the memorandum was amended by substituting the oath of the client. We agree with the court that such an amendment might be made *nunc pro tunc*. *Fajardo Sugar Co.* v. *Torres,* 28 P.R.R. 58. The memorandum was, there-

fore, not filed too late. We cannot agree that the memo-- randum was *ever* void and inexistent, and hold, until con-- vinced to the contrary, that an unsworn memorandum may, in the discretion of the court, be amended to permit the oath.

The judgment must be affirmed.